DAMARIS JUNE RHODES;

    Plaintiff;

v.

DOUGLAS H. SHULMAN, ET AL.;

    Defendants.

Civil Action No. 1:13-CV-72 JVB

**OPINION AND ORDER**

    Plaintiff, Damaris Rhodes, pro se, has sued John Roberts, the Chief Justice of the Supreme Court; Douglas Shulman, the Commissioner of the Internal Revenue Service; Morrell John Berry, the Director of the United States Office of Personnel Management; and the United States of America for a multitude of claims ranging from government conspiracies to unconstitutional tax laws. Plaintiff seeks $75,000,000 in relief.

    Plaintiff has a history of filing nearly identical lawsuits, the most recent of which was filed in 2010 in this district. *See Rhodes v. Shulman*, No. 1:10-CV-269, 2010 WL 4974547 (N.D. Ind. Nov. 30, 2010)[1]. The court dismissed the complaint filed in *Rhodes I* for lack of standing. And the complaint in *Rhodes I* was nearly identical to the complaint filed in this action. The only differences between the two are the addition of Chief Justice John Roberts as a defendant and two new claims against the parties.

---

[1] For simplicity, this case will be referred to as *Rhodes I*.

Defendants have moved to dismiss this case for lack of standing under Federal Rules of Civil Procedure Rule 12(b)(1). Defendants argue that the decision in *Rhodes I* precludes Plaintiff from establishing standing. Defendants also argue that Plaintiff lacks standing because there is no actual case or controversy. The Court agrees that the issue of standing cannot be relitigated as to any claim identical to that which was asserted in *Rhodes I*. The Court also finds that the Plaintiff lacks standing as to any new claim brought as there is no actual case or controversy. For those reasons, the Court GRANTS Defendants' Motion to Dismiss.

**A. Background**

Plaintiff filed a complaint under 42 U.S.C. § 1983. The complaint is twenty-seven pages in length and contains a variety of claims against the government. Nearly all of the allegations, though, are identical to those in *Rhodes I*, but from what the Court can tell, Plaintiff asserts three new claims. The first of which, a claim against John Roberts, is the "[c]ontinual reoccurring damages by wrongful acts, omission by unconstitutional legislation by the Congress giving aid to the foreign entity IRS with U.S. and other foreign activity daily."(Compl. 6).[2] The other two new allegations asserted against all the parties are:

(1) "They enforce the support of government religion by fines, license, permits, and threat of loss or jail and Waco murder Oklahoma City bombing and by their legislation of conscience of Americans to obey and support government religion by statute, causes grief and often the loss of life by the call for blood by Ball for over 100 years." (Compl. 7).

---

[2] This exact claim was asserted against the other parties in *Rhodes I*. Plaintiff has simply added Chief Justice John Roberts to the current complaint.

(2) The "[d]eath rate is kept silenced in U.S. False information encourages damage by lack of knowledge." (Compl. 8).

The rest of the complaint is identical to *Rhodes I* on a sentence by sentence level. It is unclear to the Court if the Plaintiff is actually trying to assert new claims against the parties with these statements or has just nominally rewritten brief portions of the *Rhodes I* complaint. However, with a liberal reading of the complaint, the Court will treat these as new claims for the purpose of the motion to dismiss.

**B. Standing**

*Rhodes I* was dismissed for a lack of standing. Plaintiff seems to believe that since the case was dismissed without prejudice, she is free to file a nearly identical complaint. However, "dismissals for want of subject matter jurisdiction are always denominated without prejudice, because they signify that the court did not have the power to decide the case on the merits. But they are preclusive with respect to the jurisdictional ruling, as otherwise the plaintiff would be free to refile the identical case in the same court." *Hill v. Potter*, 352 F.3d 1142, 1147 (7th Cir. 2003) (citing *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999)). Because of the principles set forth in *Hill,* the Plaintiff is precluded from litigating the jurisdictional issue as to any claims that are present in both complaints.

To avoid the preclusive effect in asserting identical claims, a plaintiff would need facts establishing jurisdiction that were not available when the original complaint was filed: "Only facts arising after the complaint was dismissed—or at least after the final opportunity to present

the facts to the court—can operate to defeat the bar of issue preclusion." 222 F.3d 309 (7th Circuit, 2000). This Court, even with a liberal reading of the complaint, does not find any additional facts that could be used to establish jurisdiction as to the identical claims.

There are, however, new assertions that are not precluded by the decision in *Rhodes I*, but they fair no better than the old claims.

The United States Constitution requires that a party present a valid "case or controversy." U.S. Const. Art. III § 2. To plead a valid case or controversy, plaintiff needs to allege a "concrete and particularized" injury that is "actual or imminent" and not purely "hypothetical" or "conjectural." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560. (1992).

It is hard to see how any of the new claims assert an injury in fact that is beyond conjecture. To quote the *Rhodes I* decision, "[t]he harms Rhodes complains of are both hypothetical and conjectural and are not the sorts of actual or imminent injuries that result in standing. Rhodes wholly fails to address a traceable connection between the harms alleged and the acts of the Defendants. And, the harms Rhodes alleges cannot be redressed by this court." No. 1:10-CV-269, 2010 WL 4974547, at *4.


**C. Conclusion**

Plaintiff is precluded from relitigating the issue of standing as to any claim that was asserted in the previous *Rhodes I* decision. Moreover, she lacks standing as to the new claims, because they do not allege an injury in fact. For those reasons, the Court GRANTS Defendants' Motion to Dismiss (DE 6).

SO ORDERED on June 6, 2013.

                                                 s/ Joseph S. Van Bokkelen
                                                Joseph S. Van Bokkelen
                                                United States District Judge